UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LOWELL R. HUEPENBECKER and ) <br> AMY J. HUEPENBECKER, ) <br>     Appellants, ) <br> ) <br> -v- ) <br> ) <br> PAUL DAVIDOFF, ) <br>     Appellee. ) <br> _____) | No. 1:13-cv-747 <br><br> HONORABLE PAUL L. MALONEY |

## OPINION AND ORDER AFFIRMING DECISION OF THE BANKRUPTCY COURT

This appeal questions the propriety of a fee award for counsel representing a bankruptcy trustee. The debtors contend that the work for which the attorney was awarded fees was not legal in nature and provided no benefit to the estate. For the reasons provided below, the fee award is AFFIRMED.

In March 2012, Lowell and Amy Huepenbecker (Debtors) filed for bankruptcy under Chapter 12 of the United States Bankruptcy Code. There were five creditors in their case, and two of those creditors were secured. Only three creditors filed claims, the two secured creditors and one of the unsecured creditors. A proposed bankruptcy plan was filed, which provided for complete payment to the creditors, a 100% plan. (ECF No. 9-6 Proposed Plan.) The plan also provided that counsel for Debtors would have a lien on Debtors' assets. The Bankruptcy Court scheduled a confirmation hearing. The only objection to the bankruptcy plan was filed by Joseph Chrystler, the appointed trustee (Trustee). (ECF No. 9-7 Plan Objection.) The confirmation hearing occurred on July 10, 2012, during which Trustee's objections were resolved. (ECF No. 9-15 Transcript.) The Bankruptcy Court issued an order confirming the bankruptcy plan, with modifications, on August 30, 2013. (ECF No. 9-9 Confirmation Order).

Prior to the confirmation hearing, Trustee filed an application for permission to employ Paul

Davidoff as counsel (Counsel), which was granted. Counsel represented Trustee at the confirmation hearing. Counsel continued to perform work for Trustee through April 2013. On April 5, 2013, Counsel filed a fee application. (ECF No. 9-10 Fee Application.) Debtors objected arguing, among other things, that the estate received no benefit from the work performed by Counsel. (ECF No. 9-11 Fee Objection.) On May 29, 2013, The Bankruptcy Court approved requested fees. (ECF No. 9-4 Fee Order.) Debtor filed this appeal.

## I.

This Court has jurisdiction over the appeal of the order approving the fee award under 28 U.S.C. § 158(a)(1). Ordinarily, interim fee awards are interlocutory orders of a bankruptcy court and are not considered final judgments from which an appeal may be taken. *In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991). However, when the fee award conclusively determines the entire compensation award for an attorney under 11 U.S.C. § 330, the bankruptcy court's order may be considered a final order. *Id.* (collecting cases).

## II.

When considering an appeal of a decision rendered by a bankruptcy court, the district court applies the clearly erroneous standard when reviewing findings of fact. *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004); *In re Federated Dep't Stores, Inc.*, 270 F.3d 994, 999 (6th Cir. 2001). Questions of law are reviewed under the *de novo* standard. *In re Gardner*, 360 F.3d at 557; *In re Federated Dep't Stores, Inc.*, 270 F.3d at 999. An award of attorney fees in a bankruptcy case is reviewed for an abuse of discretion. *In re Boddy*, 950 F.2d at 336.

### III.

The Bankruptcy Court approved $3,200 in fees and another $40.55 in expenses for Counsel. Counsel expended 12.80 hours, at a rate of $250.00 per hour. In bankruptcy cases, the appointed trustee represents the estate. 11 U.S.C. § 323(a). The trustee's "paramount duty" is to protect the estate and it is presumed that the trustee will adequately represent the interests of the estate which he or she represents. *Meyer Goldber, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983). The Bankruptcy Code authorizes a trustee, with the court's approval, to hire an attorney to represent or assist the trustee in carrying out his or her duties. 11 U.S.C. § 327(a). Counsel for a trustee is held to the same standard as the trustee when acting for the purpose of administering the estate and protecting its assets. *In re McKenzie*, 716 F.3d 404, 411-12 (6th Cir. 2013) (quoting *Allard v. Weitzman*, 991 F.2d 1236, 1241 (6th Cir. 1993)). Section 330(a)(1) provides for reasonable compensation of the trustee's attorney for "actual, necessary services rendered[.]" However, a court should not allow compensation for services that were not reasonably likely to benefit the debtor's estate or were not necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A)(ii).

Debtors argue Counsel's fees are for work performed that was not reasonable or necessary and provided no benefit to the estate. Debtors do not dispute the reasonableness of the rate. Debtors have not identified any factual errors below. The issues raised are thus limited to whether the Bankruptcy Court made a legal error in the fee award. In their brief, Debtors identify two issues: (1) "[m]ay the court award administrative fees to an attorney for the trustee without proof that a benefit to the estate was provided or where no benefit has been provided[?]" and (2) "May the court grant fees to trustee's counsel where there is no disposable income to pay same, and order same to be paid without determination of disposable

income[?]" (ECF No. 12 Appellants' Brief 2 PgID 197.) Debtors, however, did not brief or argue the disposable income issue, and that issue has been waived. *See Treesh v. Bagley*, 612 F.3d 424, 434 (6th Cir. 2010); *United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006).

The standard for awarding fees is set forth in § 330(a)(4)(A)(ii). To award fees, the court must find the fees reasonable or necessary: (1) reasonably likely to benefit the debtor's estate, or (2) necessary to the administration of the estate. *See In re Veltri Metal Prods., Inc.*, 189 F.App'x 385, 389 (6th Cir. 2006) (noting that the court looked only at the benefit to the debtor's estate and "overlooked administrative necessity as an alternative basis for awarding fees."). "Many courts have held that a benefit to the estate need not be a direct economic benefit." *Id.* (citing *In re Holder*, 207 B.R. 574, 584 (Bankr. M.D. Tenn. 1997)). In determining whether the services provided an benefit to the estate, a court may consider whether the service provided promoted the bankruptcy process under the practices and procedures of the Bankruptcy Code and Rules for the orderly and prompt disposition of the bankruptcy case. *In re Holder*, 207 B.R. at 584 (quoting *In re Spanjer Bros., Inc.*, 203 B.R. 85, 90 (Bankr. N.D. Ill. 1996)). Services may be necessary to the administration of the estate without financially benefitting the estate. *In re Veltri Metal Prods.*, 189 F.App'x at 389 (citations omitted).

**1. Insurance**

Trustee objected to the bankruptcy plan's requirement that the property remain vested in the estate, rather than having it re-vested in the Debtors. (Plan Obj. ¶ 7 PgID 72.) Trustee was concerned about insurance for the property, specifically whether Trustee would get notice of any lapses or expiration of coverage. In their response the objection, Debtors explained that Trustee had been named as an additional insured and, therefore, would receive notice of any change in coverage. (ECF No. 9-8 PgID 80.) At the

hearing, Counsel contended that Debtors had indicated a willingness to add Trustee as a named-loss payee to the insurance, but that the plan did not include such a provision. (Trans. 16-17 PgID 143-44.) Debtors had "no problems" with adding language to the plan so that Trustee would also get notice. (*Id.* 17 PgID 144.)

On appeal, Debtors assert that "[o]ne of the items on the billing submitted relates to pursuing insurance information." (Appellants' Brief 7 PgID 202.) Debtors argue (1) this was a clerical function, (2) the function did not require interface by counsel, and (3) the problem had been covered with Trustee at the meeting with the creditors.

On this point, Debtors have not established a factual or legal error in the decision of the Bankruptcy Court to award fees. Debtors have not identified any entry on the Fee Application related to this objection. This Court has reviewed Counsel's application for fees and expenses (Fee Application PgID93-95) and cannot locate the billing item of which Debtors complain.[1] It does not appear that Counsel spent time researching or briefing the insurance issue. The amount of time Counsel committed to arguing the issue at the hearing was negligible. Assuming, without resolving, that the issue was a clerical one which did not require legal expertise, the Bankruptcy Court did not commit legal error when it rejected Debtors' objection. Counsel's representation of Trustee was approved by the Bankruptcy Court. An attorney representing a bankruptcy trustee will often have to communicate with the trustee about both legal and non-legal matters related to the bankruptcy case. *Boyd v. Engman*, 404 B.R. 467, 484 (W.D. Mich. 2009).

---

[1] The billing statement indicates multiple entries where Counsel spent time reviewing the objections and responses to the bankruptcy plan as a whole. For example, Counsel spent .40 hours reviewing Debtors' response to Trustee's objections, Counsel also spent one hour preparing for the hearing, and Counsel spent .2 hours reviewing email correspondence between Trustee and Debtors about the proposed plan.

"So long as the attorney's services are consistent with his or her professional duties to the client, the attorney is entitled to be compensated for those services at his or her normal billing rate." *Id.* Debtors have not presented any authority indicating that Counsel must forgo fees associated with a few minutes arguing allegedly non-legal issues at a court hearing.

Finally, whatever minimal time Counsel spent on this issue was reasonably likely to provide a benefit to the estate and was administratively necessary. Under the bankruptcy plan, Debtors' assets remained with the estate and were not re-vested with Debtors upon confirmation of the bankruptcy plan. Those assets should be covered by insurance to mitigate against potential losses. Trustee, as the person looking out for the estate, should receive notice when the insurance on those assets lapses or expires, so that he could contact those responsible for maintaining the insurance.

**2. Exemptions**

Trustee objected to the bankruptcy plan where it appeared that Debtors had modified their claimed exemptions. (Plan Obj. ¶ 4 PgID 72.) Trustee acknowledged that, because the proposed plan would pay all of the estate's debts, the potential modifications made little difference to the end result. Trustee reasoned that, should Debtors voluntarily convert to chapter 7, the modifications would make a difference to a successor chapter 7 trustee. Trustee concluded that the proper schedules should be amended for the benefit of any potential successor trustee in the event of a future conversion. Debtors responded that they were not amending the exemptions; rather, they were disclosing assets (three vehicles) which were overlooked when the schedules were completed. At the hearing, the Bankruptcy Court considered the matter resolved as the vehicles were not being listed as exemptions. (Trans. 15-16 PgID 142-43.) In the order approving Counsel's fees, the Bankruptcy Court acknowledged that chapter 12 debtors may not be

forced into liquidation under chapter 7, "but this does not mean that exemptions are meaningless in chapter 12 proceedings." (Confirmation Order 3 PgID 58.) The Bankruptcy Court then outlined three reasons why § 522 exemptions were relevant.

In the appeal, Debtors characterize this issue as follows: "A second issue argued is that the debtors did not claim all of their available exemptions, but did show exemptions in the liquidation analysis." (Appellants' Brief 7 PgID 202.) Debtors reason that exemptions are permissible, not mandatory. Debtors argue that before liquidation could occur, any debtor would have to amend his or her exemption claims, which can occur at any time. Debtors argue, because their assets covered the creditors' claims, there was no reason to challenge the claimed exemptions. Debtors conclude that the objection was vexatious under 28 U.S.C. § 1927.

Debtors have not established any factual or legal error in the decision of the Bankruptcy Court. Debtors have not identified any entry on the Fee Application related to this objection. The Court has again reviewed Counsel's application for fees and expenses and cannot locate any entry relating to time spent researching or briefing the issue of exemptions. Counsel did include three sentences addressing the exemption issue in his response to Debtors' objection to his fee application. Counsel reiterated Trustee's concern – the documents filed with the chapter 12 plan created an ambiguity about assets and exemptions. (ECF No. 9-12 PgID 108-09.) That confusion was clarified at the hearing. The bankruptcy plan was not amended to account for Trustee's objection, and Debtors were not required to amend their exemptions, resolving their concern about incurring additional fees. Whatever minimal time Counsel spent on this issue was necessary to the administration of the estate because it resolved the ambiguity in the papers submitted by Debtors.

In this portion of the appeal, Debtors appear to challenge whether they would ever be required to amend their exemptions in a chapter 12 case where the plan pays all of the debts. This Court need to answer that question. Debtors have not appealed the Confirmation Order. Because of how Trustee's objection was resolved, the exemptions were not amended.

### 3. Fees for Debtors' Attorney

In the proceedings below, two objections were made to Article III, the portion of the proposed bankruptcy plan's provisions for payment to the attorney for the Debtors. First, Trustee objected to the provision in the bankruptcy plan which required that fees for Debtors' attorney would be paid by Debtors directly.[2] (Plan Obj. ¶ 3 PgID 72.) Second, at the hearing, the Bankruptcy Court asked about the provision for a judgment lien. (Trans. 8 PgID 135.) The proposed bankruptcy plan stated

> counsel for the Debtors shall have a judgment lien on all assets of the Debtors to secure payment thereof, and may perfect said lien upon confirmation without violating the stay. Any orders approving fees shall have the effect of a judgment and may be enforced by all means available under Michigan law. If necessary the judgment shall be registered with the Federal District Court as a judgment for enforcement. Upon request, the clerk of the court shall, pursuant to FRBP 5003(c), register such order with the Federal District Court.

(Proposed Plan PgID 63-64.) Counsel also expressed a concern about the lien provision. (Trans. 9 PgID 136.) After a discussion of the provision, the Bankruptcy Court stated that it would not approve the provision of the plan granting a judgment lien (*Id.* 12 PgID 139.) In the order confirming the bankruptcy plan, the Bankruptcy Court required the removal of the provisions of the plan that gave a judgment lien for attorney fees. (Confirmation Order 7 PgID 90.)

---

[2] At the hearing, Counsel advanced a separate direct-payment concern about dairy or milk assignments. (Trans. 18-19 PgID 145-46.) The issue of direct payments of the attorney fees was resolved at the conclusion of the hearing, with Counsel removing the objection. (Trans. 19 PgID 146.)

8

In their objection to Counsel's application for fees, Debtors argued that the time spent on these objections should not be compensable. Debtors argued there was a legal basis for direct payment of the fees. Debtors argued that a legal basis existed for treating attorney fee orders as a judgment. Debtors also argued that Counsel should not be awarded fees associated with the dispute over the judgment lien language because the estate did not receive any benefit. The Bankruptcy Court awarded the fees over Debtors' objection. The Bankruptcy Court reasoned that it shared Counsel's concerns about the lien on the estate's assets and that "[b]ecause these provisions were arguably overreaching or at least unusual in this District, the court does not fault the trustee or [Counsel] for spending time on this issue, even in a case that proposes a 100% dividend." (Confirmation Order 2 PgID 57.)

On appeal, Debtors question whether Counsel may be awarded fees for time spent litigating the judgment lien issue.[3] Debtors argue that a judgment lien was authorized by law. Debtors also argue that the estate receive no benefit from the time Counsel spent on this issue.

Debtors have not established a factual or legal error in the decision of the Bankruptcy Court. On appeal, Debtors again have not identified the fees entries to which they object. The Court has reviewed the fee application and finds two entries referring to the judgement lien issue: (1) .80 hours billed on October 23, 2012, and (2) one hour billed on December 14, 2012. To the extent Debtors disagree with the legal reasoning provided by the Bankruptcy Judge for striking the judgment lien language from the bankruptcy plan, that issue is not properly before this Court. Debtors did not appeal the order confirming

---

[3]Debtors' brief on appeal does not mention the direct payment issue. That issue has, therefore, been abandoned. *See Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 852-53 (6th Cir. 2007) (referring a claim generally in an initial appellate brief without further development or reference to specific facts waives the issue); *United States v. Gannis*, 84 F.App'x 480, 481 (6th Cir. 2003)

the bankruptcy plan. Debtors' argument amounts to a collateral attack on the confirmation order. Fees for time spent litigating the judgment lien issue were properly awarded because the issue did provide a benefit to the estate. The proposed bankruptcy plan would have place a judgment lien on Debtors' assets. As a result of Counsel's time, the assets are not now encumbered by a judgment lien for the attorney fees. That the lien might ultimately be granted at some later date does not alter this conclusion. Assuming Debtors pay their attorney, there would be no need for the lien in the future.

## CONCLUSION

Debtors have not challenged the reasonableness of the attorney fees. Debtors have not established that order awarding Counsel's fees contained any legal or factual error. Fees related to the insurance issue and the judgment lien issue were properly awarded because the issues were reasonably likely to provide a benefit to the estate. Fees related the insurance issue and the exemption issue were properly awarded because the issues were necessary to the administration of the estate.

## ORDER

For the reasons provided in the accompanying Opinion, the order awarding fees issued by the Bankruptcy Court is **AFFIRMED.  IT IS SO ORDERED.**

Date:   January 26, 2015                                  /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief United States District Judge